149 So.2d 842

**J. Sherrill HANCOCK**

**v.**

**Gene BELL, as Judge.**

**6 Div. 955.**

Supreme Court of Alabama.

Feb. 7, 1963.

J. Sherrill Hancock, Fairfield, petitioner, pro se.

Frank B. Parsons, Fairfield, opposed.

LAWSON, Justice.

 Any disrespectful, contemptuous, or insolent behavior in court, tending in any wise to diminish or impair the respect due to judicial tribunals is a contempt of court for which the offending party may be punished in the summary manner provided by law. § 2, Title 13, Code 1940; Withers v. State ex rel. Posey, 36 Ala. 252.

It is settled that when the contempt is committed in the face of the court, the offender may be instantly apprehended and punished, within the limits prescribed by law, without any further proof or examination. Easton v. State, 39 Ala. 551; Ex parte Morris, 252 Ala. 551, 42 So.2d 17.

A judgment of sentence for contempt is valid, without any recital of the conduct or facts which constitute the contempt. Easton v. State, supra.

The imposition of punishment for a direct contempt in the presence of the court, within limits prescribed by statute, is not reviewable upon an issue of fact dehors the record in any court or in any form. Such a proceeding would defeat the very ends for which such power must exist. The power to "inflict summary punishment" cannot co-exist with a right in the party to supersede and review the judgment upon an issue of fact with the trial court itself. Ex parte Wheeler, 231 Ala. 356, 165 So. 74.

Writ of certiorari to the Court of Appeals is denied.

Writ denied.

GOODWYN, COLEMAN and HARWOOD, JJ., concur.