Former husband appeals from two separate judgments rendered by the Circuit Court of Montgomery County in a domestic relations case. We affirm that part of the *Page 90 
decree of May 15, 1978 in Case No. DR 77-459.03, which states that the provisions in an agreement requiring payments of $114 per month by the husband to the wife constitute a part of the property settlement and, as such, are not further modifiable; we reverse that portion of the decree awarding attorney's fees to the wife. We reverse the order of May 15, 1978 in Case No. DR 77-459.02 which denied the former husband's motion for a new trial.
(We note that the decree concerning the property settlement is styled "Case No. DR 77-459-02." However, some of the pleadings and the former husband's notice of appeal relating to that decree style the case as Case No. DR 77-459-03. For purposes of clarity we shall adopt the designation used in the notice of appeal.)
The parties to this appeal were divorced in July 1973. Portions of the separation agreement, which was incorporated into the final divorce decree by the trial court, provided in pertinent part:
 1. The Husband shall pay to the Wife as alimony for her support and maintenance the sum of One Hundred Fifty and No/100 ($150.00) Dollars per week.
. . . . .
 2. The Husband shall purchase for the Wife a residence at 1317 Huie Street, Prattville, Alabama, and the title to said residence shall vest solely and exclusively in the Wife. The purchase price of said residence in Prattville is Thirty-Three Thousand Five Hundred Fifty and No/100 ($33,550.00) Dollars. The Husband shall pay the cash equity due on said house of approximately Seventeen Thousand Nine Hundred and No/100 ($17,900.00) Dollars, and shall make the monthly house payments on the mortgage on said residence until said mortgage is fully paid. . . .
and it is further understood and agreed that the payments made by the Husband on said mortgage shall be in addition to the alimony payments as provided in paragraph 1 above.
. . . . .
 5. The Wife shall convey to the Husband all of her right, title and interest in and to the real estate owned by Husband and Wife and more specifically identified as [description of various properties]. . . .
. . . . .
 7. The Husband shall provide for the Wife adequate hospitalization insurance coverage for the Wife and minor son, and the Husband shall pay the premiums thereon and furnish to the Wife a copy of such hospitalization policy. Said hospitalization policy shall be Blue Cross-Blue Shield or its equivalent. [Emphasis supplied.]
The wife encountered financial difficulties and in March 1976 sold the residence referred to in paragraph two of the separation agreement. At the closing of this sale the wife paid off the outstanding balance on the mortgage, $14,192.85. The circuit court issued a decree on October 12, 1976 which adopted an agreement submitted by the husband and wife, whereby the husband agreed to continue making the $114 per month payments in accordance with the original amortization schedule of said mortgage loan. Under this new agreement, however, these payments would be made to the wife rather than to the mortgage company since the debt owed to the latter had been extinguished.
On January 4, 1978 the wife petitioned the court to cite the husband for contempt based on his failure to make the $114 monthly payments for the past two months and his failure to maintain the required hospitalization insurance policy. The wife's petition itemized the medical and doctor expenses she had incurred as a result of the husband's allowing the policy to lapse.
On March 15, 1978 the trial court issued a decree, relevant portions of which read:
DECREE
 This cause comes before the Court on a Petition for Citation for Contempt and there being present in Court both parties and their respective attorneys and after *Page 91 
consideration of the testimony and evidence presented to the Court, the Court finds as follows, to-wit:
 1. That Harold Wayne Smith is to pay the Wife the sum of $1,380.00 which represents one-half of the outstanding indebtedness arising from the hospital insurance policy having lapsed.
 2. Gaye Nell Smith shall be responsible for the remaining $1,380.00 and the payment of all of said bills upon receipt by her from the Husband of the amount of $1,380.00.
 3. That the costs of Court be, and they hereby are, taxed against the Husband, together with the sum of $275.00 as an attorney fee for the Wife's attorney.
In response to this decree the husband filed a motion for new trial, alleging that the decree was contrary to the law and the evidence in the case and not supported by the evidence in the case. The court denied this motion on May 15, 1978.
Meanwhile, the husband had filed a petition to modify the divorce decree, alleging inter alia that the wife had remarried on February 24, 1978. The petition asked the court to relieve the husband from any and all obligations under the divorce decree as modified, including the $114 per month payments based on the former mortgage loan. After a hearing on this motion the trial court entered a decree which stated that the husband owed no further alimony by reason of the wife's remarriage; that, except as provided in the above-quoted decree of March 15, 1978, the husband had no further obligations with respect to the hospital insurance policy; and
 2. That payments due by virtue of a decree dated October 12, 1976 of $114.00 per month to the Wife in accordance with an original amortization schedule on a mortgage loan on premises at 1317 Huie Street, Prattville, Alabama, which decree modified paragraph 2 of the Separation Agreement incorporated in the original decree of divorce, are deemed by the Court to be a property settlement and not to be alimony, and therefore is not further modifiable by this Court. [Emphasis supplied.]
This decree also required the husband to pay $150 toward the attorney fee for the wife's attorney.
The husband contends on appeal that the trial court erred in its decree in Case No. DR 77-459.03 by failing to eliminate the requirement that the husband continue the $114 per month payments based on the mortgage loan. He argues that since the language of the separation agreement required only that he make the payments "until said mortgage is fully satisfied," a continuation of these payments after the mortgage has been satisfied (by the wife in 1976) constitutes the kind of support and maintenance properly classified as "alimony"; and upon the wife's remarriage his obligation to pay alimony should cease. While agreeing it is the law in Alabama that provisions in a divorce decree for a property settlement, unlike those for alimony, are not modifiable, the husband insists that these payments must be viewed as "alimony" because the court's decree of October 12, 1976 "modified" the provisions for the payments by requiring that they be made to the wife rather than to the mortgage company.
We think these arguments are without merit and that the trial court correctly found that the payments are a part of the property settlement. The husband by his argument seeks to take improper advantage of the fact that he was originally permitted to satisfy his obligations under the property settlement with monthly installments rather than being required to make an immediate cash settlement.
A court of equity in a divorce case has power to use any reasonable means to effect a just property settlement and adjust the equities between the parties. Prosch v. Prosch,47 Ala. App. 33, 249 So.2d 855, cert. den. 287 Ala. 740,249 So.2d 860 and 287 Ala. 740, 249 So.2d 861 (1971), and cases cited therein. The agreement incorporated into the divorce decree in the case at bar specifically provided that the mortgage payments were to be in addition to alimony payments. The wife was to receive sole *Page 92 
and exclusive title to the Huie Street residence, and in exchange she was to relinquish her interest in other jointly held property. The decree of October 12, 1976 changed neither the amount due nor the liability of the husband for the $114 per month payments. Under these circumstances we do not think that a mere change of payee from the mortgage company to the wife transformed these payments into "alimony," nor do we think that the satisfaction of the mortgage debt by the wife extinguished the husband's obligation to continue the payments required by the decree.
The case cited by the husband, McGugin v. McGugin, Ala.Civ.App., 357 So.2d 347 (1978), is distinguishable from the case at bar, because in McGugin the husband was not required to satisfy the entire mortgage debt, but rather was obligated only to pay off the balance of the mortgage if his wife did not remarry before the debt had been liquidated. In the instant case, however, the husband's duty to make the monthly mortgage payments was unconditional.
The Alabama Supreme Court said in DuBoise v. DuBoise,275 Ala. 220, 153 So.2d 778 (1963), that a property settlement is not continuous; it is a one time thing. The rule permitting a court to modify a provision for periodic support payments does not apply to a provision for division of property. Id; Kelleyv. Kelley, 53 Ala. App. 608, 303 So.2d 108 (1974). The trial court correctly applied these principles to the facts in this case.
The husband's second contention is that the trial court erred in its decree of March 15, 1978 by requiring the husband to pay one-half of the medical expenses incurred by the wife as a result of the lapse of the insurance policy. He argues that the lapse was caused by the wife's own neglect and inaction, and that the decree, in effect, makes the husband the co-insurer of the wife's health. Much of the testimony in the record and argument in brief is directed toward the factual issue of who was at fault in allowing the policy to lapse, but that issue is not dispositive of the appeal in this case. We agree that the decree of March 15, 1978 is erroneous and that the husband's motion for new trial should have been granted, but we do so for reasons other than those suggested by the husband.
In Lightsey v. Kensington Mortgage and Finance Corp.,294 Ala. 281, 315 So.2d 431 (1975), the Alabama Supreme Court concluded that the assessment of compensatory damages in favor of the adverse party in civil contempt proceedings would be permitted. The Lightsey opinion indicates that the issue of such damages may be tried to the court or, on demand by either party, to a jury, and that this issue may be resolved in the same proceeding on petition of the aggrieved party seeking damages after a finding by the trial court that the oppositeparty is in contempt.
In the case at bar it is not at all clear from the decree that the court found the husband to be in contempt. A fair reading of that decree indicates that the basis for the proceeding was a petition for citation for contempt, that a hearing on the petition was held, and that the court found that the husband should pay one-half of the medical expenses incurred by the wife as a result of the lapse of the policy.
A recital of the facts constituting the contempt is not essential to the validity of the judgment rendered in contempt proceedings. Hancock v. Bell, 274 Ala. 390, 149 So.2d 842
(1963). However, in light of the principles set forth in theLightsey opinion, we think that a finding by the court that the husband is in contempt of court is a prerequisite to the assessment of compensatory damages. Cf. 17 C.J.S. "Contempt" § 86 (3)(1963) and cases cited therein (stating that the judgment or order in contempt proceedings must make a finding as to the fact of contempt). Regardless of whether the facts in this case are sufficient to justify the award of compensatory damages to the wife, such an award is improper in the absence of a finding that the husband is in contempt of court. For this reason the judgment in Case No. DR 77-459.02 must be reversed.
What we have said thus far disposes of the appeal in Case No. DR 77-459.02. *Page 93 
However, in view of the possibility that further proceedings in this case may be had, we address ourselves to another issue that may arise in future proceedings, if any — namely, the procedure for obtaining appellate review after a party has been found in contempt and has been assessed compensatory damages as contemplated in the Lightsey opinion.
Of course, it is well-established law in Alabama that the proper remedy for review of a contempt proceeding is by habeas corpus if the party is in jail, or by certiorari if the party is not; and appeal is not the proper remedy. Killingsworth v.Killingsworth, 284 Ala. 524, 226 So.2d 308 (1969); Hayes v.Hayes, Ala.Civ.App., 337 So.2d 770 (1976).
The Alabama Supreme Court said in the Lightsey opinion:
 We think the question of the amount of unliquidated damages should be regularly tried so that a dissatisfied party could have an initial review by an appeal rather than by a writ of certiorari. An indemnity or a compensatory award of damages must be determined in an ancillary proceeding and is not permissible as an integral part of the court's adjudication of contempt in the circuit court's of this state. [Emphasis supplied.]
These cases indicate that a party who has been found in contempt and who has been assessed compensatory damages should seek review of the finding of contempt by means of extraordinary writ (certiorari or habeas corpus), and should seek review of the question of the assessed amount of compensatory damages by appeal.
Lastly, the husband disputes the award of attorney's fees to the wife in the decrees of March 15, 1978 and May 15, 1978. He argues that the award in the March 15 decree is impermissible under Code of Alabama 1975, § 30-2-54 [formerly Title 34, § 39 (3), Code of Alabama 1940 (1973) Supp.)] because no contempt citation was issued by the trial court.
We agree. In Jernigan v. Jernigan, Ala.Civ.App.,335 So.2d 178 (1976), we said:
 Section 39 (3) of Tit. 34, Code of Alabama 1940, passed by the legislature in 1970, permits attorney's fees to be awarded "in all suits for the recovery of alimony, maintenance or support in which . . a contempt of court citation has been made by the court against either party. . . ." While the judicial proscription against awards of counsel fees was thus abrogated in this particular situation, it remains in effect as to enforcement proceedings where no contempt citation is made.
We think that the award of attorney's fees in the decree of March 15, 1978 was improper in the absence of a finding that the husband was in contempt of court.
The husband further contends that these allowances for attorney's fees constitute an improper imposition of support obligations under Code of Alabama 1975, § 30-2-55 which provides:
 Any decree of divorce providing for periodic payments of alimony shall be modified by the court to provide for the termination of such alimony upon petition of a party to the decree and proof that the spouse receiving such alimony has remarried or that such spouse is living openly or cohabiting with a member of the opposite sex.
Citing Hodson v. Hodson, 276 Ala. 227, 160 So.2d 637 (1964), for the proposition that the allowance for attorney's fees is based upon the same principle as allowance for alimony, the husband argues that his former wife's remarriage in February 1978 prior to the rendering of either of the decrees should have relieved him of any obligation to provide this form of support.
Having already determined that the award of attorney's fees in the decree of March 15, 1978 was improper, we refer these arguments to the validity of the award in the decree of May 15, 1978.
The effective date of § 30-2-55, upon which the husband relies, is April 27, 1978. Act No. 596, Acts of Alabama 1978. Whether a statute operates prospectively or *Page 94 
retrospectively is a matter of legislative intent. Statutes generally will be held to operate prospectively unless the purpose and intention of the legislature to give them a retrospective effect clearly appears. Fuqua v. Fuqua, 268 Ala. 127, 104 So.2d 925 (1958); Bell v. Mar-Mil Steel Supply Co.,54 Ala. App. 432, 309 So.2d 471 (1975).
The language of § 30-2-55 does not express the legislative intent that the statute be applied retrospectively. We do not think it applies to suits arising out of events which occurred prior to the effective date of the statute, regardless of the fact that the decree of May 15, 1978 was rendered after the effective date of the statute. Cf. City of Brewton v. White'sAuto Store, Inc., Ala., 362 So.2d 226 (1978).
The question then is whether under the prior law the fact of the former wife's remarriage relieved the husband of any obligation to pay for the wife's attorney's fees.
As both parties to this appeal correctly point out, the allowance of attorney's fees to the wife is based upon the same considerations as the allowance of alimony. Shell v. Shell,48 Ala. App. 668, 267 So.2d 461, cert. den. 289 Ala. 751,267 So.2d 467 (1972); Hodson v. Hodson, supra. Where the trial court has the continuing power to modify the allowances for alimony made in an original decree of divorce upon a showing of changed circumstances, as here, the court also retains the incidental right, in the exercise of its judicial discretion, to award attorney's fees for services rendered in modification proceedings by the wife's attorney. Jernigan v. Jernigan, Ala.Civ.App., 335 So.2d 178 (1976); Jordan v. Jordan, 266 Ala. 386, 96 So.2d 809 (1957); Whittle v. Whittle, 272 Ala. 32,128 So.2d 92 (1961).
The prior case law dealing with the allowance of alimony to the wife after she had remarried indicates that such remarriage did not ipso facto terminate the ex-husband's obligation to pay alimony, but did provide cogent and convincing grounds for the court to do so upon petition by the husband; and, that the remarried wife could continue to receive alimony from her ex-husband if she could show she still needed such support based on her present husband's inability to support her. Littlev. Little, Ala.Civ.App., 349 So.2d 48 (1977); Hora v. Hora,46 Ala. App. 513, 244 So.2d 601 (1971).
In the instant case it does not appear from the record that the wife has made such a showing. Moreover, the terms of the decree of May 15, 1978 (relieving the ex-husband from his obligations pertaining to future alimony and future payments of the hospital insurance premiums) indicate that the wife is no longer in need of support by her ex-husband. We are not unmindful that the granting of attorney's fees to the wife in a divorce action is a matter largely within the sound discretion of the trial court and that the court's exercise of the discretion will not be revised on appeal in the absence of abuse. Brock v. Brock, 281 Ala. 525, 205 So.2d 903 (1967). However, we think under the circumstances of this case the wife should not have been awarded attorney's fees, since such an award was, of necessity, based on the same considerations that compelled the trial court to terminate the above-mentioned support obligations owed by the ex-husband to the ex-wife.
Nor can this award of attorney's fees be predicated on the fact that the wife prevailed below on the issue of the monthly payments of $114. Those payments constitute a part of a final, nonmodifiable property settlement. The allowance of attorney's fees is not permissible in a proceeding looking to the enforcement of an award already made. See Jernigan v. Jernigan,supra.
For these reasons we reverse that portion of the decree of May 15, 1978 in Case No. DR 77-459.03 awarding $150 as attorney's fees to the wife; the decree, in all other respects, is affirmed.
The attorney for the wife has petitioned this court for an award of attorney's fee on appeal. This request is denied.
CASE NO. DR 77-459.03 IS AFFIRMED IN PART AND REVERSED IN PART *Page 95 
AND REMANDED WITH INSTRUCTIONS.
CASE NO. DR 77-459.02 IS REVERSED AND THE CAUSE REMANDED TO THE TRIAL COURT.
WRIGHT, P.J., and HOLMES, J., concur.