This is a contempt case.
Ruby and Louis Brown were divorced by decree of the Lauderdale County Circuit Court in November 1983. As part of this decree, the husband was awarded the family home, "including all fixtures and realty appurtenant thereto." The wife was awarded all furniture in the home with the exception of the master bedroom suite, the dining room furniture, kitchen appliances and one-half of all silver, silverware and other kitchenware, which was awarded to the husband. The wife was to remove all of the furniture and personal property awarded to her prior to relinquishing possession of the home. In February 1984, the husband filed a petition with the circuit court asking that the wife be found to be in contempt for violating the property settlement provisions of the divorce decree. In May 1985, the court issued an order which specifically stated:
 "The evidence shows that under the decree of divorce the Plaintiff [husband] was awarded certain items of personal property which the Defendant [wife] removed from the Plaintiff's home. A microwave of the value of $400.00 and a refrigerator of the value of $500.00. Further, the Plaintiff was awarded the family home and there was attached thereto a bookcase and china cabinets of the value of $2,000.00 which the Defendant removed from the home. Therefore, the Plaintiff was deprived of real and personal property of the value of $2,900.00 and the Defendant's action in removing these items is [a] violation of the decree and a contempt of the Court."
For her contempt, the court ordered the wife to serve ten days in the county jail, allowing, however, that she could purge herself of the contempt by making a payment of $2,900 to the Clerk of the Circuit Court of Lauderdale County. Thereafter, the wife filed this petition for certiorari asking that we review this finding of contempt.
The scope of review in contempt cases is limited to questions of law and does not extend to the weight and preponderance of the evidence. Simpson v. Harbin, 447 So.2d 189 (Ala. 1984);Patterson v. Gartman, 439 So.2d 171 (Ala.Civ.App. 1983). In reviewing factual questions, if there is any legal evidence to support the judgment of the trial court, we must affirm.Simpson, supra.
We are perplexed by the wife's first argument for reversal. She admits that she acted in contempt of the court's order when she removed the microwave and refrigerator from the home, but argues that the bookcase and china cabinets were not fixtures appurtenant to the home and thus could be removed by her as furniture. She does not argue that the ten-day jail sentence was excessive, see Williams v. Stumpe, 439 So.2d 1297
(Ala.Civ.App. 1983), nor that she is unable to pay the $2,900 necessary to purge herself of this contempt, see Zeigler v.Butler, 410 So.2d 93 (Ala.Civ.App. 1982). Instead, the real issue she wishes this court to address is whether the $2,900 is an accurate assessment of the damage caused the husband by her contempt.
It is settled that a trial court can assess damages in favor of an aggrieved *Page 764 
party in civil contempt proceedings. Lightsey v. KensingtonMortgage Finance Corp., 294 Ala. 281, 315 So.2d 431 (1975);Smith v. Smith, 365 So.2d 88 (Ala.Civ.App. 1978). It is also settled that "a party who has been found in contempt and who has been assessed compensatory damages should seek review of the finding of contempt by means of extraordinary writ (certiorari or habeas corpus), and should seek review of the question of the assessed amount of compensatory damages by appeal." Smith, supra. The wife has not appealed the $2,900 award. However, out of deference to the parties, we note that even if the wife had not admitted her contempt, there is ample evidence in the record to support the trial judge's determination that the bookcase and china cabinets were fixtures appurtenant to the house.
"A `fixture' is an article that was once a chattel, but which, by being physically annexed or affixed to realty, has become assessory to it and `part and parcel of it.'" Milford v.Tennessee River Pulp and Paper Company, 355 So.2d 687 (Ala. 1978). Whether an article is a fixture is a determination that must be made on the particular circumstances of each case. Id.
The supreme court has articulated the criteria to be used in making this determination as follows:
 "(1) Actual annexation to the realty or to something appurtenant thereto; (2) Appropriateness to the use or purposes of that part of the realty with which it is connected; (3) The intention of the party making the annexation of making permanent attachment to the freehold. This intention of the party making the annexation is inferred; (a) From the nature of the articles annexed; (b) The relation of the party making the annexation; (c) The structure and mode of annexation; (d) The purposes and uses for which the annexation has been made."
Id. (quoting Langston v. State, 96 Ala. 44, 11 So. 334 (1891)).
In her own testimony, the wife revealed that the articles had all been custom-built for the express purpose of being used with the family house, not just to be used in any house. All of the articles were anchored to the walls, and the china cabinets were each set into a permanent base. Under our limited scope of review, we cannot say that this testimony does not support a finding that the articles were intended to be fixtures, "part and parcel" of the house.
The wife's second and final argument for reversal is that the imposition by the court of the ten-day sentence for contempt, allowing her to purge herself by paying the $2,900 to the clerk of the court, constitutes an unconstitutional imprisonment of the wife for failing to pay a judgment for money. See
Ala. Const. of 1901 art. I, § 20. We cannot accept this contention.
The trial court has not ordered the wife imprisoned for her failure to pay the $2,900, but for her wilfull failure to comply with the provisions of the divorce decree. See 16A C.J.S. Constitutional Law §§ 488, 489 (1984) and cases cited therein. We are not here faced with the issue of whether this $2,900 award may be enforced by contempt proceedings. Any effect that this contempt proceeding may have on the collection of the $2,900 damages award is merely of an incidental nature. In fact, under the case law, it appears to us that even if the wife were to serve the ten-day jail term, she would not be relieved of the obligation to pay the $2,900 award. SeeLightsey, supra; Smith, supra.
We are of the opinion that the trial court has not committed error in finding that the wife acted in contempt of the divorce decree. Further, her sentence of ten days in jail, with the opportunity to purge her contempt by paying to the clerk $2,900, is not unconstitutional. The decision of the trial court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur. *Page 765