YATES, Judge.
The parties were divorced by the Circuit Court of Coffee County on December 23, 1991. The judgment of divorce provided:
“Within ninety days, the home, apartment four-plex, Sears Agreement (if it can be sold) or the equipment at the Sears store, ... shall be sold and all of the net proceeds applied first to the joint debts of the parties and any balance equally to the individual debts of the parties.
“The parties shall be responsible for the debts they individually incurred and the parties shall be equally responsible for any debts they jointly incurred.”
As the parties attempted to comply with the provisions of the judgment, numerous problems arose, resulting in the filing of several post-divorce motions, including cross-motions for findings of contempt. On January 6, 1993, the court held a hearing on all pending motions. Specifically, so that the clerk’s office could disburse monies being held from the sale of the marital home, the court was asked to interpret or clarify the phrase “joint debts” as it was used in the original judgment. On January 15,1993, the trial court entered an order stating, “During the hearing the court clarified the term [joint debts] to mean that it included all debts incurred by either or both of the parties prior to their separation on April 15, 1991.”
The January 15 order also addressed the pending contempt motions:
“The [divorce judgment] stated that [certain items] went with the house.... The former wife testified that she removed and sold these items because she needed the money. She also testified that she knew these items were to stay with the house. This removal by the former wife is a clear violation of this court’s ORDER ... and the former wife is held in criminal contempt of court for such violation. For said contempt the former wife is confined to the Coffee County Jail for 5 days.
“The former wife may purge herself of this criminal contempt if within 60 days of the date of the filing of this Order said items are returned and installed to the marital home, ... [or] the former wife may substitute new items.”
“In view of the finding that the former wife is in contempt of court a reasonable *981 attorney’s fee is [awarded] to the former husband....”
The wife appeals.
The wife first contends that the trial court did, in fact, improperly modify, rather than clarify, a property provision of the original judgment. The husband argues that, at the request of both parties, the trial court clarified the property provision to allow disbursement of monies being held by the clerk’s office.[1]
Clearly, a trial court can interpret and clarify its judgment of divorce for purposes of enforcement and implementation. Grayson v. Grayson, 628 So.2d 918 (Ala.Civ. App.1993); Patterson v. Patterson, 518 So.2d 739 (Ala.Civ.App.1987). Here, monies from the sale of the marital home had been deposited with the clerk’s office. The parties could not agree as to how certain debts were to be paid under the terms of the judgment. After each party had filed a cross-contempt motion, the trial court heard testimony and arguments of counsel, and it then proceeded to interpret and clarify its judgment to allow implementation. We find no error.
The wife further contends that the trial court erred in holding her in “criminal contempt” for removing certain personal property from the marital residence, claiming that the husband did not have standing to assert contempt because the residence had been sold and the husband then rented the residence from a third party. The facts of Ex parte Brown, 485 So.2d 762 (Ala.Civ.App. 1986), were similar to those presented here. In Brown, the wife was found guilty of contempt and was sentenced to 10 days’ imprisonment. To purge herself of the contempt, she had to pay the value of the items she had removed from the marital residence. Id.
In the recent case of Stack v. Stack, [Ms. AV92000412, February 11, 1994] 1994 WL 37531 (Ala.Civ.App.1994), this court clarified the current standard of review in contempt cases. It found that in a review of a trial court’s finding of contempt, the abuse of dis-cretton standard applies and, absent an abuse, and unless the judgment is not supported by the evidence, so as to be plainly and palpably wrong, this court will affirm. Stack further held that where a party is held in criminal contempt for indirect contempt, the standard of review is that the contempt must be established beyond a reasonable doubt. Here, the evidence, including the wife’s own testimony, supports the judgment of the trial court that the wife, in defiance of the divorce judgment, removed and sold items from the marital residence.
Although the trial court’s order contains the term “criminal contempt,” the distinction between criminal and civil contempt has been determined. The purpose of a finding of criminal contempt is to punish the contemnor for disobeying an order of the court; a finding of civil contempt seeks to coerce compliance with an order of the court. Norland v. Tanner, 563 So.2d 1055 (Ala.Civ. App.1990).
The “purge clause” allowed the wife control of her incarceration; therefore, no absolute sentence was imposed. While the trial court may have intended to punish the wife for defiance of the original judgment of divorce, it clearly sought compliance with the January 15 order. We conclude that the finding of contempt was civil in nature, although it had characteristics of both criminal and civil contempt. Lightsey v. Kensington Mortgage & Finance Corp., 294 Ala. 281, 315 So.2d 431 (1975). Consequently, the award of an attorney fee was not in error.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.

. It should be noted that the motions filed with the trial court, and heard on January 6, were not made a part of the record on appeal.