SHORES, Justice.
We granted the certiorari petition to review the decision of the Court of Civil Appeals holding that the entire proceeds from the forfeiture of an appearance bond posted in a domestic relations case became the property of the state general fund under § 15-13-80(b), Ala.Code 1975. We reverse and remand.
The parties, T.P.W.C. (the mother) and J.R.W. (the father), were divorced on October 18,1983, by the Circuit Court of Houston County. Since that time they have engaged in numerous legal proceedings concerning the custody of, and visitation with their daughter; those proceedings are chronicled in the opinion of the Court of Civil Appeals. T.P.W.C. v. J.R.W., 674 So.2d 1291 (Ala.Civ.App.1995).
On June 24, 1991, the circuit court granted the father unsupervised visitation with the child and ordered that the mother deliver the child to the father at the beginning of the visitation periods. See an earlier opinion, T.P.W.C. v. J.R.W., 622 So.2d 931, 932 (Ala.Civ.App.1993). The mother did not comply with the court order, and in March 1992 the father filed a petition seeking to have the mother held in contempt for failing to comply with this court-ordered visitation. On June 2, 1992, the trial court held the mother in civil contempt of court “ ‘for her willful failure to comply with this Court’s order of June 24, 1991, by refusing to allow visitation.’ ” Id. The trial court ordered the mother jailed until she complied. The mother petitioned for a writ of habeas corpus, which was denied; she appealed. She also filed a motion requesting that any order of incarceration be stayed pending a ruling on her appeal. Her motion was granted by the Court of Civil Appeals, on the condition that she post an appearance bond in the amount of $20,000. The mother posted the bond on September 16, 1992, and was released from jail. She immediately left the state.
The Court of Civil Appeals, finding the record to be “replete with evidence regarding the mother’s lack of cooperation in regard to that court-ordered visitation,” affirmed the trial court’s judgment of contempt. Id. The mother’s petition for writ of certiorari to this Court was denied on May 21, 1993. T.P.W.C. v. J.R.W., 622 So.2d 931 (Ala.1993).
The Court of Civil Appeals issued a certificate of judgment on May 26, 1993, under which the mother was required to appear and comply with the trial court’s order. The mother failed to appear. The father then filed a motion to forfeit the $20,000 appearance bond; a hearing was set for January 18, 1994. On that date the trial court forfeited the $20,000 bond, making it payable to the benefit of the father. On January 20, the trial court amended its order to “offset” against the bond $14,007 in accrued and unpaid child support and directed payment of *1295 $5,093 into the court, pursuant to the bond forfeiture.[1]
The mother filed a motion contesting the trial court’s action; her motion was denied. On April 6, 1994, the trial court ordered that the $5,093 be paid to the father and his attorney. The mother appealed. The Court of Civil Appeals reversed, holding that the entire proceeds of the forfeited $20,000 appeal bond became public money of the state general fund pursuant to § 15-13-80(b). We have granted the father’s petition for certio-rari review.
The Court of Civil Appeals erred in applying § 15-13-80, a criminal procedure statute, to the forfeiture of this appearance bond in a domestic relations case. Section 15-13-80 falls within Chapter 13, Article 5, of Title 15 of the Code of Alabama 1975. Title 15 encompasses statutory provisions for “Criminal Procedure”; Chapter 13 provides for “Bail”; and Article 5 provides for “Forfeiture.” Thus, § 15-13-80 sets forth the criminal procedure rules for forfeiture of a bail bond in the event a defendant fails to appear in a criminal proceeding. This section provides in subparagraph (b) that the money in a forfeited bail bond becomes public money of the state general fund. The forfeiture goes to the state, because the state is the prosecuting party in criminal cases, and the bond is a “bail bond” posted to ensure the appearance of the defendant at a criminal trial. The state is not a party in the case before us.
In the case before us the Court of Civil Appeals required the mother to post the $20,000 appearance bond in order to stay the trial court’s order of incarceration pending the appeal. The posting of the bond allowed her to be released from jail. The trial court did not err in holding that the forfeited bond, as offset by the child support arrearage, should be paid to the father. He is the aggrieved party in this case. It is settled that in civil contempt proceedings a trial court can assess damages in favor of an aggrieved party. Lightsey v. Kensington Mortgage & Finance Corp., 294 Ala. 281, 315 So.2d 431 (1975); Smith v. Smith, 365 So.2d 88 (Ala.Civ.App.1978); Ex parte Brown, 485 So.2d 762, 763-64 (Ala.Civ.App.1986).
For the reasons stated above, the judgment of the Court of Civil Appeals is due to be reversed and the cause remanded for proceedings or an order consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, ALMON, HOUSTON, KENNEDY, INGRAM, and COOK, JJ., concur.

. The record does not explain the $900 discrepancy.