[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 961 
The appellant in this case, William T. Little, Jr., was convicted of one count of criminally negligent homicide, as charged in the indictment, for causing the death of Judith Mason while he was driving under the influence of alcohol. He was also convicted of one count of assault in the second degree for injuries inflicted upon William Mason as a result of the accident that killed Ms. Mason when the appellant's car collided with the Masons' truck. The appellant raises eight issues for review.
 I.
First, the appellant claims that the trial court erred to reversal in failing to accept the appellant's challenges for cause of 19 members of the jury venire. The appellant challenged the jurors who answered affirmatively the question, "Do any of you, in addition to those that have already said they feel it is wrong to drink, do any of you feel that it is wrong to drink any amount of alcohol, no matter how little it may be, and then drive a car?" (R. 36.) The State then asked, over objection, whether each juror who expressed that viewpoint could "as a juror, listen to the judge's instructions as to the law, take the evidence that comes to you from the witness stand and the exhibits that are allowed into evidence, and render a fair and impartial verdict based upon this evidence in the case and the judge's charges as to the law?" (R. 57.) No juror spoke out to say that he or she could not do so.
The appellant cites the "probable prejudice" test inAlabama Power Co. v. Henderson, 342 So.2d 323, 327 (Ala. 1976), as support for his claim that the judge erred in refusing the appellant's challenges for cause. However, the Alabama Supreme Court has previously held that the qualification of a prospective juror is a matter that is left to the discretion of the trial court; the ruling that that court makes on a challenge for cause based upon a juror's supposed bias is afforded great deference and will not be disturbed on appeal unless there is a clear showing of abuse of discretion by the trial court. Ex parte Rutledge, 523 So.2d 1118 (Ala. 1988). This court must examine the questions and answers by veniremembers to determine whether the trial court abused its discretion.Knop v. McCain, 561 So.2d 229 (Ala. 1989). If a juror can set aside his or her opinions and consider the evidence fairly and impartially, then that juror should not be disqualified for cause. See, Knop, at 232; *Page 962 Hunter v. State, 585 So.2d 220 (Ala.Crim.App. 1991).
In this case, the court accepted the appellant's challenges for cause regarding the four veniremembers whose response to a defense question indicated that they might have trouble being impartial, given their personal beliefs. (R. 24.) The trial court properly exercised its discretion.
 II.
The appellant next claims that the trial court erred to reversal in denying his Batson motion challenging the jury panel. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712,90 L.Ed.2d 69 (1986). The appellant objected to the State's use of three of its nine peremptory strikes to remove black veniremembers. However, the appellant failed to offer any evidence other than the fact that the State used three of its nine strikes to remove black veniremembers to support his claim. The trial judge denied the motion, stating that the appellant had failed to make a prima facie showing of discrimination.
As this court noted in Mitchell v. State, 579 So.2d 45
(Ala.Crim.App. 1991), cert. denied, 596 So.2d 954 (Ala. 1992), the trial court's findings should be afforded great deference because the court, having observed voir dire, is in a better position than the reviewing court to evaluate the prosecutor's actions and decisions. See also, Batson, 476 U.S. at 98 n. 21,106 S.Ct. at 1723-24 n. 21. "An appellate court may reverse the trial court's determination that the prosecutor's peremptory challenges were not motivated by intentional discrimination only if that determination is 'clearly erroneous.' " Mitchell, at 47. See, Ex parte Branch, 526 So.2d 609, 625 (Ala. 1987).
The appellant contends that the trial court, in denying hisBatson motion, "appar[e]ntly relied on the authority of" certain language in Harrell v. State, 571 So.2d 1270
(Ala. 1990), cert. denied, 499 U.S. 984, 111 S.Ct. 1641,113 L.Ed.2d 736 (1991) (Harrell II), which has been disapproved by the Alabama Supreme Court. Ex parte Thomas, 659 So.2d 3, 7
(Ala. 1994). However, there is no indication in the record that the trial court relied upon that language in Harrell II; the judge made no mention of the racial composition of the jury in denying the appellant's motion. The record reflects that trial court considered the attorney's arguments on the Batson motion, then denied the motion. (R. 86.)
We agree that the appellant failed to establish a prima facie case of racial discrimination based merely by noting that the prosecution used one-third of its strikes to remove black venire- members. The trial court was correct in not requiring the State to present race-neutral reasons for its strikes.
 III.
The appellant further contends that the trial court erred in denying his motion to exclude the State's evidence and his motion for a judgment of acquittal.
 A.
The appellant argues that the evidence relating to the appellant's blood alcohol level at the time of the accident submitted by the State was inadmissible. However, the trial court ruled, in denying the appellant's motion to suppress the evidence, that the evidence was admissible. The State supplied evidence that the appellant voluntarily consented to be tested, that a registered lab technician extracted blood and administered the test, and that one of the arresting officers picked up the sample of the appellant's blood and delivered it to its final destination. The lab technician testified to the testing procedure used and Dr. Jack Kalin, a State expert witness, testified regarding the general acceptance of the procedure in the medical community, thus satisfying the requirements for the admissibility of the blood test results.See, Scott v. City of Guntersville, 612 So.2d 1273
(Ala.Crim.App. 1992).
This court must afford the trial court great deference in its decisions, and its judgments will be overturned only where the court abused its discretion. Unless a judge's decision is clearly not supported by the evidence, and the decision is plainly and palpably wrong, this court will affirm. See, e.g.,Parker v. Parker, 640 So.2d 979 *Page 963 
(Ala.Civ.App. 1994). The trial court denied the appellant's motion to exclude the blood evidence. (R. 315.) Based upon the above evidence, the trial court's denial of the appellant's motion to exclude this evidence is affirmed.
 B.
The appellant further claims that the State failed to prove a prima facie case, because, he says, the evidence against the appellant was primarily circumstantial. However, the law is well settled on this point. "Circumstantial evidence is in nowise considered inferior evidence and is entitled to the same weight as direct evidence provided it points to the guilt of the accused." Cochran v. State, 500 So.2d 1161, 1177
(Ala.Crim.App. 1984), aff'd in pertinent part, rev'd in part on other grounds, 500 So.2d 1179 (Ala. 1985). When deciding whether a jury acted properly in convicting the defendant, an appellate court must consider that "[t]he state [is] not required to remove by proof the possibility that defendant was innocent, but only to establish his guilt beyond a reasonable doubt."White v. State, 546 So.2d 1014, 1021 (Ala.Crim.App. 1989), quoting Rice v. State, 204 Ala. 104, 106, 85 So. 437 (1920). "The law does not require the exclusion of every hypothesis of innocenc[e], but only every reasonable hypothesis." Walker v.State, 134 Ala. 86, 89, 32 So. 703, 704 (1902) (emphasis in original); see also Cumbo v. State, 368 So.2d 871
(Ala.Crim.App. 1978), cert. denied, 368 So.2d 877 (Ala. 1979).
The evidence adduced at trial supported the jury's finding that the appellant was guilty of the offenses of criminally negligent homicide and of assault. The judgment of the trial court is affirmed.
 C.
The appellant also claims that the testimony of Bonnie Mims, the lab technician who drew the appellant's blood for the blood alcohol test, was tainted because she testified differently after having a discussion with another witness. In her testimony on the motion to suppress blood evidence, Ms. Mims stated that the container in which she placed the extracted blood was sealed with a red cap. (R. 303.) When she was recalled to testify, she stated that the cap for the blood container should be purple or grey, but that she really did not recall what color it was. (R. 337-39.) She admitted that before the later testimony she had been discussing lab procedures with another witness. (R. 339-40.) The appellant did not object to the testimony.
In Woods v. State, 641 So.2d 316 (Ala.Crim.App. 1993), cert. denied ___ U.S. ___, 115 S.Ct. 331, 130 L.Ed.2d 290 (1994), this court held that the trial court has the discretion to decide whether a witness who has violated the court's sequestration order may testify. See also Wilson v. State,584 So.2d 921 (Ala.Crim.App. 1991). "Absent any intentional violation of the 'rule' by a witness or a party we hold that the trial court did not abuse its discretion." Woods, at 317;see also Pope v. State, 367 So.2d 998 (Ala.Crim.App. 1979). In this case, the trial judge, in his discretion, allowed the witness to testify after learning that she had spoken with another witness. The credibility of her testimony is a matter for the jury to decide. There is no reversible error here.
 IV.
The appellant next contends that the trial court erred to reversal in allowing the State to present evidence in rebuttal that reached beyond the scope of the appellant's case. The appellant argues that the evidence relating to the appellant's blood submitted by the State on rebuttal was highly prejudicial, that it was not disclosed to the defense until after the trial began, and that it was not proper rebuttal evidence.
This court has previously held that the trial court has great discretion in allowing the prosecution or the defense to present additional testimony, whether that evidence was omitted in the case-in-chief or on rebuttal, at any time before the case is submitted to the jury. § 15-14-4, Ala. Code 1975; Millerv. State, 518 So.2d 801 (Ala.Crim.App. 1987); see also Nicholsv. State, 276 Ala. 209, 160 So.2d 619 (1964) (prosecution allowed to reopen case to present testimony to rebut defendant's insanity plea where the defendant did not testify). *Page 964 
The trial court did not abuse its discretion in allowing the State to present rebuttal evidence to counter the appellant's attempt to discredit the evidence relating to the appellant's blood in this case.
 V.
The appellant next argues that the verdicts finding him guilty of criminally negligent homicide and assault in the second degree conflict, because, he says, the mental states of these crimes differ and both convictions arise from the same event.
The appellant's contention is not preserved for review because the appellant failed to timely object to the verdicts. Appellate review is limited to matters that are properly raised in the trial court. Sistrunk v. State, 630 So.2d 147
(Ala.Crim.App. 1993); Beasley v. State, 408 So.2d 173
(Ala.Crim.App. 1981), cert. denied, 408 So.2d 180 (Ala. 1982); Dailey v.State, 374 So.2d 414 (Ala.Crim.App. 1979).
 VI.
The appellant further argues that the trial court erred in allowing the jury to convict the appellant of criminally negligent homicide based upon a finding that the appellant violated § 32-5A-191(a)(1), Ala. Code 1975, when a violation of that Code section was not charged in the indictment.
However, in a case involving criminally negligent homicide, the jury may consider other statutes and ordinances that regulate the actor's conduct in deciding whether the actor is "culpably negligent." § 13A-6-4(b), Ala. Code 1975. In order to find that the appellant violated § 32-5A-191 the jury simply must find that the appellant was in actual physical control of a motor vehicle while there was 10% by weight of alcohol in his blood or while he was under the influence of alcohol. Harris v.State, 601 So.2d 1099 (Ala.Crim.App. 1991), overruled by Exparte Mayo, 652 So.2d 201 (Ala. 1994); Hastings v. State,589 So.2d 795 (Ala.Crim.App. 1991). The evidence adduced at trial provided sufficient basis for such a finding by the jury.
The possibility that the jury may have considered §32-5A-191(a)(1) or (a)(2) in finding the appellant guilty of criminally negligent homicide does not change the fact that the jury convicted the appellant of criminally negligent homicide — not of driving under the influence. Where the offense of criminally negligent homicide allows consideration of other statutes that may have been violated by the appellant in the commission of the homicide in question, there is no harm in not having indicted the appellant on a charge of § 32-5A-191. There is no error evident in the court's charge.
 VII.
The appellant next claims that the defendant's sentence was disproportionate to the offense charged.
This court cannot overrule a lower court's decision and sentence, absent a finding that the lower court clearly abused its discretion by assigning to the appellant a sentence disallowed under the statutory sentencing scheme. Hoosier v.State, 612 So.2d 1352 (Ala.Crim.App. 1992). Here, the circuit court sentenced the appellant to the maximum possible time in custody for the offenses he committed. However, the sentences are within the sentencing structure contemplated under the statutory sentencing scheme. §§ 13A-5-6(a)(3), 13A-6-4(c), and13A-6-21(b). Therefore, this court affirms the trial court's sentencing.
 VIII.
The appellant finally contends that the trial court erred in ruling that the appellant's motions for a judgment of acquittal, for a new trial, for reduction of sentence, and for suspended sentence and probation, which were filed on July 15, 1994, were denied by operation of law on August 16, 1994.
However, the trial court's order states that only the motion for a new trial was denied by operation of law on August 16, 1994, based upon Rule 24.4, Ala.R.Crim.P., which governs denial by operation of law of motions for new trial. (C. 66-67.) Because there was no express consent by the parties to extend the time, the motions were denied by operation of law 60 days after the pronouncement of sentence on June 17, 1994, *Page 965 
which was on August 16, 1994. It further states that the motion for reduction of sentence is simultaneously denied, because the trial court loses jurisdiction to reconsider sentencing upon denial of a defendant's motion for a new trial. (C. 67.)See, State v. Green, 436 So.2d 803, 805 (Ala. 1983). Rule 24.4, Ala.R.Crim.P. The trial court properly denied both the motion for a judgment of acquittal and the motion seeking suspended sentence and probation in its September 9, 1994 order. (C. 67.) The appellant's argument, therefore, has no merit.
For the foregoing reasons, this court affirms the judgment of the trial court.
AFFIRMED.
All the Judges concur. *Page 1206