THOMPSON, Presiding Judge.
Patricia Gail Reneman (“the wife”) appeals from a judgment denying her petition requesting, among other things, that Paul Wesley Reneman, Jr. (“the husband”), pay a pro rata share of the loan secured by a mortgage on the parties’ marital home, which had been refinanced.
The record indicates the following. The husband and the wife divorced in March 2008. At that time, they entered into a settlement agreement that provided, among other things, that the wife was to have the marital residence, with all the household furnishings, fixtures, and appliances. The agreement also provided that the husband would pay the wife $350 each week as payment toward three fixed debts owed to CitiFinancial Corporation, LLC (“CitiFinancial”), which consisted of the loan secured by the home mortgage, an automobile loan, and a personal loan, and one fixed debt to another entity. As each of the four debts was paid off, the husband’s obligation to the wife was to decrease by the amount of the monthly payment owed as to that debt. In addition, the husband was to pay the wife “$250 per week ($1,300 each month)” (sic) “as permanent and continued alimony,” that is, as periodic alimony. The trial court incorporated the parties’ agreement in the divorce judgment.
Over time, the husband paid off three of the four fixed debts, leaving only the outstanding balance on the loan secured by the mortgage on the marital residence. According to the mortgage agreement with CitiFinancial, monthly payments of $461.84 were to be paid until October 2019, when the loan was scheduled to be paid in full.
The husband made the loan payments directly to the lending entities rather than to the wife. The evidence is undisputed that in 2014 the husband stopped making the monthly home-loan payments. The husband testified that CitiFinancial made a telephone call to him and requested a payment. He said that he told CitiFinan-cial that he “didn’t have it” and to contact the-wife. The wife testified that, in April 2014 she received a telephone call from CitiFinancial advising her that. the payments were “months behind” and that Citi-Financial was going to foreclose on the marital residence if payments were not made. The wife said that she contacted the husband about making the payments and that he told her he did not have the money. The wife then made a payment of $261 to CitiFinancial on April 30, 2014. After making that payment, the wife said, she again contacted the husband about resuming the mortgage payments. She said that he told her he “had a house and he had *252 bills” and that he could no longer make the payments.
After the husband said that he would no longer make the payments, the wife testified that she borrowed money to be able to meet the next payment that was due1 before she could refinance the loan on the house. When asked whether he had agreed for the wife to refinance the loan, the husband said: “I told her to do what-she had to do because I couldn’t make the payment nó more.” On June 4, 2014, the wife, who worked as a custodian at a high school, refinanced the loan through Alabama Teachers Credit Union (“ATCU”) so that she could afford to make the monthly house payment, and the loan through Citi-Financial was paid off. The payoff on the house at that time was $23,546.76. The wife obtained an additional $7,409 to pay personal debt. The monthly payment for the ATCU loan was $322.14; however, the wife asked the trial court to direct the husband to pay only that portion of the monthly payment, which she calculated to be 77.2%, that went toward paying off the house. She also requested that the hus.-band pay her the arrearage he owed for the payments he had missed.. .
At the end of the'husband’s questioning by the attorneys for the parties, the following colloquy was held between the trial court and the husband:
“THE COURT: Part of the [settlement] agreement was you would deed over to' hér the property, the house?
“THE [HUSBAND]: I did.
“THE COURT: You would pay for the house as part of these—it’s called— has got it labeled as alimony in parts. Is part of this settlement agreement you agreed to give her the house and pay for the house in its totality, the total price of the house still owing; is that correct?
“THE [HUSBAND]: Yes, sir.
“THE COURT: • At the time you quit doing that there was $23,546.76 that you would have owed her in property that she received through this settlement agreement that you still owed when you stopped making those payments; do you understand that? ■ •
“THE [HUSBAND]: Yes, sir, I do.
“THE COURT: Did you think' th'at $23,546.76 just went away?
“THE [HUSBAND]: No, sir.
“THE COURT: That you don’t owe it anymore?
“THE [HUSBAND]: No, sir.
“THE COURT: You think you still owe it?
“THE [HUSBAND]: Yeah, I guess I do.”
After the trial, the trial court entered an order denying the wife’s request that the husband pay a monthly “pro-rata share of the new mortgage” on the marital home. The trial court determined that the wife had “paid off the debt to CitiFinancial which the [husband] was required to pay per the agreement until individually paid off.” (Emphasis in the judgment.) The trial court did, however, order the husband to pay the wife $686.40 for the payments he had failed to make before' the wife refinanced the loan on the house. The .wife filed a motion to alter, amend, or vacate the judgment. The trial court granted the motion in part, awarding the wife $1,960.72 plus interest. It denied the motion insofar as the wife’ continued to request that the husband be required to'resume making the house payments. The wife timely appealed to this court.
The standard of review in this matter is as follows.
“““[W]hen a trial court hears ore tenus testimony, its findings on disputed facts are presumed correct and its judgment based on those findings will not be *253 reversed unless the judgment is palpably erroneous or manifestly, unjust.”” Water Works & Sanitary Sewer Bd. v. Parks, 977 So.2d 440, 443 (Ala. 2007) (quoting Fadalla v. Fadalla, 929 So.2d 429, 433, (Ala. 2005), quoting in turn Philpot v. State, 843 So.2d 122, 125 (Ala. 2002)). ‘“The presumption of correctness, however, is rebuttable and may be overcome where there- is insufficient evidence presented to the trial court to sustain its judgment.” ’ Wattman v. Rowell, 913 So.2d 1083, 1086 (Ala. 2005) (quoting Dennis v. Dobbs, 474 So.2d 77, 79 (Ala. 1985)). ‘Additionally, the ore tenus rule does not extend to cloak with a presumption of correctness a trial judge’s conclusions of law or the incorrect application of law to the facts.’ Wattman v. Rowell, 913 So.2d at 1086.”
Retail Developers of Alabama, LLC v. East Gadsden Golf Club, Inc., 985 So.2d 924, 929 (Ala. 2007). Legal conclusions, however, are subject to de novo review. Walker v. Walker, 144 So.3d 359, 364 (Ala. Civ. App. 2013). In this case, the facts are undisputed and our review involves consideration of whether the trial court properly applied the law to those facts. Accordingly, our review is de novo.
On appeal, the wife argues that the trial court erred in determining that, the husband’s obligation to pay the home loan was “discharged” when she refinanced the home loan ¿nd, as a result, the loan to CitiFinancial was paid off. The parties and the trial court agree that the husband’s obligation to pay off the loan secured by the mortgage on the marital residence constituted a property settlement and was, therefore, not subject to modification. See, e.g., McEntire v. McEntire, 345 So.2d 316 (Ala. Civ. App. 1977).
In Smith v. Smith, 365 So.2d 88 (Ala. Civ. App. 1978), when the parties divorced, they entered into a settlement agreement that provided that .the husband in that case would purchase, a house for the wife in that case and. “ ‘make the monthly, house payments on the mortgage on said residence until said mortgage is fully paid.... and it is further understood and agreed that the payments made by the Husband on said mortgage shall be in addition to the alimony payments’ ” to which the husband had agreed. Id at. 90. The parties’ agreement was incorporated into the divorce judgment. Id.
Three years after the divorce judgment was entered,
“[t]he wife encountered financial difficulties and in March 1976 sold the residence referred to in [the provision cited above]. At the closing of this sale the wife paid off the outstanding balance on the mortgage, $14,192.85. The circuit court issued a [judgment] on October 12, 1976, which adopted an agreement submitted by the husband and wife, whereby the husband agreed to continue making the $114 per month payments in accordance with the original amortization- schedule of said mortgage loan. Under this new agreement, however, these payments would be made to the wife rather than to the mortgage company since the debt owed to the latter had been extinguished.”
Id.
Shortly thereafter, and after the wife had remarried, the husband stopped making the required payments to the wife. He also filed a petition in the : circuit court seeking to be relieved from having to make ■those payments, among other things. In a judgment entered on May 15, 1978, the circuit court required the husband to continue making the payments to the wife, finding that those payments were part of a property settlement that had been incorporated into the original divorce judgment, *254 which was not modifiable by the circuit court. The husband appealed, arguing
“that since the language of the separation agreement required only that he make the payments ‘until said mortgage is fully satisfied,’ a continuation of these payments after the mortgage has'been satisfied (by the wife in 1976 [when she sold the house]) constitutes the kind of support and maintenance properly classified as ‘alimony”; and upon the wife’s remarriage his obligation to pay alimony should cease. While agreeing it is the law in Alabama that provisions in a divorce [judgment] for a property settlement, unlike those for alimony, are not . modifiable, the husband insists that these payments must be viewed as ‘alimony1 because the court’s [judgment] of October 12, 1976, ‘modified’ the provisions for the payments by requiring that they be made to the wife rather than to the mortgage company.”
Id. at 91 (final emphasis added).
This court affirmed the circuit court’s judgment, writing:
“We think these arguments are without merit and that the trial court correctly found that the -payments are a part of the property settlement. The husband by his argument seeks to take improper advantage of the fact that he was originally permitted to satisfy his obligations under the property settlement with monthly installments rather than being required to make an immediate cash settlement.
“A court of equity in a divorce case has power to use any reasonable means to effect a just property settlement and adjust the equities between the parties. Prosch v. Prosch, 47 Ala.App. 33, 249 So.2d 865, cert. den. 287 Ala. 740, 249 So.2d 860 and 287 Ala. 740, 249 So.2d 861 (1971), and cases cited therein. The agreement incorporated into the divorce [judgment] in the ease at bar specifically provided that the mortgage payments were to be in addition to alimony payments. The wife was to receive sole and exclusive title to the ... residence, and in exchange she was to relinquish her interest in other jointly held property. The [judgment] of October 12, 1976 changed neither the amount due nor the liability of the husband for the $114 per month payments. Under these circumstances we do not' think that a mere change of payee from the mortgage company to the wife transformed these payments into ‘alimony,’ nor do we think that the satisfaction of the mortgage debt by the wife extinguished the husband’s obligation to continue the payments required by the [judgment].”
Id. at 91-92 (final emphasis added).
The rationale used by the Smith court applies in this case. In entering into the settlement agreement that was incorporated into the divorce judgment, the husband agreed that he would pay the outstanding balance on the loan secured by the mortgage on the marital residence. He failed to fulfill his obligation as required by the divorce judgment, which incorporated the parties’ agreement. When the wife asked the husband to resume the payments, he told her that he could not do so "and that she should “do what she had to do.” According to the wife, because she could not afford the monthly house payments, rather than allow CitiFinaneial to foreclose on the house, she refinanced the loan to obtain lower, more manageable, monthly house payments. In doing so, she paid off the loan secured by the mortgage held by CitiFinaneial; however, she was still left with a monthly house payment. We agree with this court’s rationale "in Smith, supra, that whether the mortgage payment was made to CitiFinaneial, to ATCU, or to the wife is irrelevant. The wife still has a *255 mortgage payment that, under the terms of the parties’ settlement agreement and the divorce judgment, the husband is obligated to make until the house is paid for in fall. By excusing the husband from that obligation, and thereby allowing him to avoid payment of $23,546.76, the trial court improperly modified the property settlement agreed upon by the parties.
In denying the wife’s request that the husband continue paying her for the balance of the loan secured by the mortgage on the house, regardless of who holds that mortgage, the trial court is essentially rewarding the husband for his refusal to abide by the terms of the parties’ property settlement. It is apparent from the record that the husband recognized that he had not paid for the marital residence in full and that he had a continuing obligation to pay the balance owed on the house. The record shows that he agreed with the trial court that the loan balance did not just “go away” when the wife refinanced the loan on the house. If we were to affirm the trial court’s judgment, we would be establishing an inequitable precedent.
We note that, at the trial, the wife did not ask the trial court to order the husband to include in his monthly payments the amount she borrowed in addition to the amount necessary to refinance the home loan. Instead, she asked only that the husband pay his pro rata share of her current mortgage payment.
For the reasons set forth above, we conclude that the trial court erred in denying the wife’s request that the husband pay his pro rata share of the mortgage payment. The judgment is therefore reversed, and the cause is remanded to the trial court for it to determine the amount the husband must pay to the wife each month to fulfill his obligation under the parties’ settlement agreement that was incorporated into the original divorce judgment and to enter a judgment accordingly.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.